July 17, 2015

21,577-II

In Court of Crim. Appeals
Clerk of the Court
201 W. 14th St., Rm. 106
Austin, Texas 78701

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 24 2015

Abel Acosta, Clerk

In re: State Art. 11.07 Writ of Habeas

Ex parte Willie Johnson, Tr. Crt. 58-405-KF

To The Hon. Abel Acosta,

Enclosed please find for filing my "Applicant's" "Objection & Challenge To State's Original Answer" in the above cause. As this was shown to be filed-stamped (Original Answer) July 6, 2015 & as of yet I have received no "White Card" from your office with the new Writ Number tho by Lisa Davids file-stamp the C.C.A & your office should have received it by July 8th 2015, 50 days after I mailed it to Williamson Co., this in violation of Art. 11.09 (3)(c) & (d) 35 day time limit.

Please file this for review by the Court.

Respectfully submitted
Wm. E. Johnson 493576
C.T. Terrell Unit
1300 FM 655
Rosharon, Tx 77583

Dated & documented

# THE COURT OF CRIMINAL APPEALS.
## STATE OF TEXAS.

EX PARTE

§

WILLIE JOHNSON,

§   WRIT NO. _____

    Applicant

§

§

## APPLICANT'S OBJECTION AND CHALLENGE
## TO STATE'S ANSWER TO APPLICATION FOR
## WRIT OF HABEAS CORPUS AND ORDER

TO THE HONORABLE JUDGE

    COMES NOW WILLIAM E (WILLIE) JOHNSON, Applicant pro se, and files this "Applicant's Objection To State's Answer and Order". Applicant files for a number of reasons, but mainly for the following that (1) answer is out-of-time pursuant to V.A.C.C.P Art. 11.07 (3)(c) & (d) 35 day time limit to answer, filed (mailed) by Applicant May 13, 2015 and answered, per file stamp, July 6, 2015; (2) states a host of false and misleading "fact", i.e., alleged date of offense July 1, 1987, not March 18, 1988, stated in both answer and Order; issue of "Mandatory Release", Not parole, are wrong in several instances; "plea deal" was agreed to, not, per A.D.A. Randy Dale, and many other instances giving failure for reason to intentionally leave off any sworn declaration as document is perjured, and, (3) Doctrine of Laches just as applicable by Applicant

in that holding of "missing" trial documents is, and leans, towards a MORTON Act violation.

<u>RESPONSE TO STATE'S ANSWER</u>

Applicant holds that the States holding under <u>Ex parte Perez</u>, 398 S.W.3d 206 (Tex.Crim.App. 2013) is more favorable for Applicant where Court records clearly show the Applicant made <u>NO delay</u> in laying any claim except for the first issue of time denial as the issue of the "Good Time" denial only happened since 2015, all previously <u>unadjudicated</u> issues [was raised] within, and under, 2 years of the illegal conviction. Review of this Courts records will prove this in Applicants [ORIGINAL] filing he raised these claims that then went unadjudicated to date. (Writs No WR-21,577-1 & WR-21,577-08)

To succeed on the equitable defense of laches, a defendant must prove by a "preponderance" of the evidence that: 1) applicant <u>delayed</u> filing on for an unreasonable and inexcusable length of time from the time on applicant (sic) knew of violation, and, (2) delay operated to prejudice or delay or injure defendants. (<u>Spreadsheet Automation Corp. v. Microsoft Corp.</u>, 587 F.Supp. 2d 794 (E.D. 2007). As it <u>is</u> clear from all prior

②

records and early filings in 1989 for the records, all DENIED by Judge Wm. S. Lott, and in 1990 and since, there was NO "inexcusable delay" in stating a claim of "Denial of Jury Trial" by the trial court, nor of the issue of no evidence, no PSI as required by law; nor the other claims raised. Hor v Chu, 765 F.Supp. 2d 903 (S.D. Tex 2011); Garden City Boxing Club, Inc v Johnson, 552 F.Supp. 2d 611 (N.D. Tex. 2008); TGIP, Inc v. AT&T Corp, 527 F.Supp. 2d 561 (E.D. Tex 2007)).

"Under Texas Law, defendant raising affirmative defense of laches [must] plead and prove unreasonable delays" (Clark v. Amoco Production Co., 794 F.2d 967 (5th Cir. (Tex) 1986)), yet in this instance the "delay" in producing Applicant's "Motion For Jury Trial" harms Applicant, not the State.

In fact, Applicant relies his defense to the States Answer onde "Equitable Estoppel". The Applicant holds the State, by and through the Respondent parties of the 26th District Court of Williamson County, are intentional concealing and keeping from review by the Court, Applicants prior "Motion For Jury Trial" and the Statement of Facts by Court Reporter Gayla Graham (Schwab), with actual and constructive knowledge of true facts with intent that non or concealment

be acted upon by a third party, i.e., the Court of Criminal Appeals, without knowledge or means of knowledge of true facts, who detrimentally relies or acts on misrepresentation or concealment" (*Matter of Christopher*, 28 F.3d 512 (5th Cir. 1994)).

In Texas, "estoppel of contract," also known as "quasi estoppel", <u>forbids</u> a party to a contract from taking a position inconsistent with the terms of the contract when that position prejudices another; doctrine applies when it would be inconscionable to allow a person to maintain a position inconsistent with one to which he accepted a benefit. (*Lozano v. Ocwen Federal Bank, FSB*, 489 F.3d 636, 639-640 (5th Cir. 2007); <u>*Hartford Fire Ins. Co. v. City of Mont Belview, Tex.*</u>, 611 F.3d 289 (5th Cir. (Tex) 2010); *Bott v. J.F. Shea, Co.*, 299 F.3d 508 (5th Cir. (Tex) 2002)).

As the State, via Respondent party, clearly benefits by continuing to illegally detain Applicant on an expired and Breached "plea contract" by stating they "cannot obtain" a copy of the DENIED "Motion For Jury Trial" (See Writ of H.C., Writ No. WR-21,577-01), then "equitable" or "estoppel" by contract applies.

Both <u>laches</u> and <u>estoppel</u> are equitable defenses .... and ultimately turn on the

underlying factual determinations (*Shell Global Solutions (U.S) Inc., v. RMS Engineering, Inc.*, 782 F.Supp. 2d 317 (S.D. Tex 2011)) and in determining whether to apply defense of Laches, the Court must look at ALL of the particulars fact and circumstances of each case and weigh the equities of the parties. *Hov*, supra.

Last, in the Order by the State several false "assumptions" are stated such as an incident involving "stalking" of a 17 year old girl" which never occurred yet the State used to bolster their claim (issue dropped in fact) and not the bogus reason used to return Petitioner/Applicant to prison making for filing of Writ No. WR-21,577-08 [ON NEW ISSUE] that could not have been known previously, and again a clear Constitutional violation went unadjudicated by this Court. For this reason this issue [requires] a published opinion to either show a clear upholding of true justice or a complete violation of Constitutional Law under the U.S. Constitution's 6th Amendment, and, the Texas Constitution, Bill of Rights, Art 1 § 15 by both the Trial and appellate Courts. This will go to the Texas Supreme Court in such an event.

## CONCLUSION & SUMMARY

Applicant has pointed out the State clearly is

⑤

unable to challenge his Writ for the following reasons:

1) The State attorneys are ignorant of, or blindsided by, knowledge of Constitutional Law in regards to Separation-of-Powers Doctrine of Art. 2 of the Texas Constitution which disallows a State Agency under the Executive Branch of the Texas Government to execute the power of the Judicial Branch. (U.S. const. Art 1, 2 & 3);

2) The State clearly, in violation of a federal court order & Mandate of Dec. 18, 1992, refuses to put forth, thus intentionally concealing legal documents, Applicant's "Motion for Jury Trial" that was Denied in open Court on Sept. 13, 1988, thus making for a MORTON Act violation;

3) The State clearly cannot argue the fact that NO Evidence exists to prove, or even link, Applicant to the offense(s) charged or alleged to have occurred on July 1, 1987, _not_ March 18, 1988; the State clearly themselves are concealing the offending Motion illegally DENIED. _Brady v Maryland_, 373 U.S. 83, 83 S.Ct. 1194 (1963); _Green v. Illinois_, 351 U.S. 12, 76 S.Ct. 585 (1955)).

6

4) State cannot argue abuse of Writ where, in each instance, a New issue _is_ raised that could Not have been previously known, i.e., refusing & taking of "Good Time" NOT surrendered, and, in "extraordinary cases, when Constitutional violation resulted in conviction of one who _is_ actually innocent, habeas corpus may be granted even in absence of any showing of "procedural default." _Murray v. Carrier_, 477 U.S. 478, 106 S.Ct. 2639 (1986); _McClesky v Zant_, 499 U.S 467, 111 S.Ct. 1454, 1470 (1991); _Collins v Johnson_, 89 F.3d 210, 213 (5th Cir. (Tex) 1996)].

5) Applicant states clear facts supported by documentation (STATE) AND CONSTITUTIONAL Law, i.e., Right to "Street Time" (V.A.C.C.P. Art. 42.12 (pre-70th; Tx. Govt. Code § 508.148(b) (Time served on "Mandatory Supervision Release" [is] calculated as calender time", and, "Legislature shall enact no law giving power of one branch of the government to another" (Tx. Const. Art. 2; U.S. Const. Art.s 1, 2 & 3) which now makes ground for Due Process violation and "Breach" of "Plea Contract" the State is well aware of. (_Satterfield v. Crown Cork & Seal, Co., Inc._, 268 S.W. 3d 190 (App. 3 Dist. 2008)

6) The trial court's judgment is "presumed" to be truthful, but history has shown as recently as 2012 that with the Williamson County Judicial system this [was not] a true fact, i.e., Morton Act of 2012; Michael Morton v. State.

7) STATE's Order No's 9-19, especially 16, are invalid as Applicant raised issue in his original Writ under "Judicial Interference and Misconduct". The Constitutional issue is valid of Right to Jury Trial (Apprendi v New Jersey, 530 u.s 466, 120 s.ct. 2348 (2000); U.S. v. Booker, 543 u.s. 220, 125 s.ct. 738 (2005); Tx const. Art I § 15; U.S Const. Amend. 6 ) and if any harm has been done it has been done to Applicant for ANY Court refusing to review this issue 25 years ago and take corrective action. Justice Delayed is Justice denied. (Martin L. King, 1963)

8) State's No. 18 is false as Applicant Pleaded "Not Guilty" originally until being "forced" into the allege "Guilty Plea" (No. 9) and A TRIAL RECORD DOES EXIST. Plea was not voluntary in any manner. (Dickerson v. U.S., 530 u.s 428, 120 s.ct. 2326 (2000); Miranda v Arizona, 384 u.s 436,

86 S.Ct. 1602 (1966)); A.D.A. Randy Dale even informed the Court Applicant REFUSED the plea offer, Is the Court calling their own A.D.A. a liar?

For these reasons, an more, Doctrine of Laches applies more to Applicant than it ever would to State.

9) Last, Applicant holds State finally, once and for all, proved Applicant's cases No. 20, in part, validate Applicant's claim in that, "or but for a [violatio of the United States Constitution] i.e., denial of a jury trial, 6th Amend., no rational juror could have found Applicant guilty beyond a reasonable doubt. (States Order). Secondly, No 21. the State clearly opened the door " when the Court addressed the merit of the prior application" which clearly did not happen. NO ADJUDICA-TION of the Constitutional violation has yet to occur in the matter of Denial of Due Process for being denied a trial by jury. (Tx. Const. Art. 1 §15; U.S.C.A. 6)

10) Applicant holds that contrare to State's assertion in No. 24, his 3rd Ground is factually and legally cognizable on any Habeas Corpus

filing as a ground on appeal. The state desires of _Brady v. Maryland_, 373 U.S. 83, 83 S.Ct. 1194 (1963), _Banks v Dretke_, 540 U.S. 668, 124 S.Ct. 1256 (2004), _Harm v. State_, 183 S.W. 3d 403 (Tx Crim. App. 2006) all hold ground of "Insufficient Evidence" _can_ be raised on appeal, an habeas _is_ an appeal. Any other decision anti to this would be a violation of Due Process of Law under the U.S. Constitution, Amendments 5, 9 and 14, Texas Constitution, Art. 1, §§12, 13 and 19, and a clear act of _discrimination._

    The State has, and cannot, produce any "evidence" of Applicant's guilt where he is, in fact, actually innocent of any charge against him. (Tx Rules of Evidence Rule 38.17); THIS IS WHAT THEY ARE ATTEMPTING, as in the Michael Morton issue, to hide from the eyes of the appellate Court.

## PRAYER

    WHEREFORE, Applicant so prays the Court take Judicial Notice of the Constitutional issues at challenge, that judicial knowledge, the Court's Canon's, the Texas Constitution pursuant to Art. 1§12, and the fair representation of true justice so take effect in

GRANTING and En Banc review of Applicant's Writ of Habeas Corpus, on All issues, be entertained, that the State's Original Answer and Order be DENIED for violation of Art. 11.07 (3)(c) & (d), and, for want of Sworn Declaration [Required] by Law to dispel any alluding of favoritism to the State as the Applicant is aware that, if the Legal Directory is still correct, one of the sitting Justices was an A.D.A. at Williamson County during the period in question under then D.A. Ken Anderson; and, that Applicant be acquitted and his cause dismissed, in part, on Constitutional violation of Due Process of Law, and, on "Breach" of Plea Contract by State for holding Applicant illegally re-imprisoned beyond his 25 year term of sentence by simple math. (Attached)

Further Applicant prayeth not.

Respectfully submitted,
/s/ Wm. E Johnson
William E. Johnson 493576
C.T. Terrell Unit
1300 F.M 655
Rosharon, Tx 77583

Trial Court: 88-405-KF

## UNSWORN DECLARATION

I, William E. Johnson, T.D.C #493576, being at presently illegally restrained of his liberty and Kidnapped per 18 U.S.C. §241 and Officially Oppressed at the T.D.C.J.-I.D. C.T. Terrell Unit at 1300 F.M. 655, Rosharon, Texas 77583 in Brazoria County, declares under penalty of perjury the foregoing "Applicant's Objection & Challenge To State's Answer" to Art. 11.07 Writ of Habeas Corpus is true and correct to the best of my knowledge.

Signed this the 17th day of July, 2015.

/s/ Wm. E. Johnson
AFFIANT

Dated & documented

⑫

JOHNSON,WILLIE                    TDC:00493576 SID:03256575 UNIT: R3
                                  HOUSING/BED:      C03    019

*PRJ-REL-DATE:      08 12 2016   MAX-EXP-DATE:    01 01 2020
*INMATE STATUS:     S3 B         MAX TERM:          25 00 00

FLAT  TIME CREDITED:    20 05 19   CALC BEGIN DATE:   08 03 1988
GOOD  TIME CREDITED:     1 01 18   TDC RECEIVE DATE:  10 12 1988
BONUS TIME CREDITED:     0 01 29   GOOD TIME LOST:           0
WORK  TIME CREDITED:     0 00 00   WORK TIME LOST:           0
*TOTAL TIME CREDITED:   21 09 06

*STATUS EFFECT  DATE: 06 21 2015   JAIL GOOD TIME RECEIVED: YES

DEC: GL00021   QCC: ABR3815

*1988*

*August 2, ~~1~~ 25 / 2013 → Actual End Date*

PAROLE DATA: SERVE ALL - *Already served all.*

*Justice delayed is justice denied. (MLK)*